UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 98.234.8.197,<br><br>    Defendant. | Case No. 21-cv-06809-PJH<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE REQUEST TO TAKE EARLY DISCOVERY**<br><br>Re: Dkt. No. 8 |

Plaintiff Strike 3 Holdings, LLC ("Strike 3") owns the copyrights for several adult motion pictures. It alleges that someone—the Doe defendant here—who uses the IP address 98.234.8.197 infringed on those copyrights. Despite its own efforts, Strike 3 has not been able to identify the individual associated with that IP address. Strike 3 now asks the court to let it serve a subpoena on non-party Comcast Cable, the Doe defendant's internet service provider, to learn the Doe defendant's identity. Because Strike 3 has demonstrated that good cause exists to allow it to serve a subpoena, the court GRANTS the motion.

**I. BACKGROUND**

Strike 3 is the owner of several adult motion pictures distributed through its adult brands *Blacked*, *Blacked Raw*, *Tushy*, and *Vixen*. Williamson Decl. at ¶ 13 (Dkt. 8-1 at 4). Strike 3 holds title to the intellectual property associated these brands, including the copyrights to each of the motion pictures distributed through the brands' sites and the trademarks to each of the brand's names and logos. Williamson Decl. at ¶ 13.

Strike 3 alleges the Doe defendant, who uses the Comcast Cable-provided IP

address 98.234.8.197, used the file distribution network known as "BitTorrent" to illegally download and distribute Strike 3's copyrighted movies. Through its infringement detection system, "VXN Scan," Strike 3 traced copying made over BitTorrent to defendant's IP address. See Williamson Decl. and Paige Decl. (Dkt. 8-1). Then, using a well-accepted geolocation technology, Strike 3 traced the file sharing made to the Doe defendant's IP address to a physical address in the Northern District of California, specifically in Alameda, California. Kennedy Decl. (Dkt. 8-1 at 31). Strike 3's investigator confirmed that an Internet user at the defendant's IP address engaged in a BitTorrent transaction that shared certain media files by analyzing a "packet capture" ("PCAP") that recorded the transaction. Paige Decl. ¶¶ 14-18 (Dkt. 8-1 at 22). The media files from the PCAP correspond to Strike 3's copyrighted material. Stalzer Decl. (Dkt. 8-1 at 25-26). The defendant "has been recorded infringing 33 movies over an extended period of time." Compl. ¶ 4; see also Ex. A (Dkt. 1-1). Strike 3 did not give the defendant permission or authorization to distribute its copyrighted movies. Strike 3 alleges that Comcast Cable can identify the defendant through his or her IP address.

On September 1, 2021, Strike 3 filed a complaint against the Doe defendant alleging one claim for copyright infringement under the Copyright Act. Dkt. 1. On September 16, 2021, Strike 3 filed an ex parte motion asking the court to allow it to serve Comcast Cable with a subpoena under Federal Rule of Civil Procedure 45. Dkt. 8. Strike 3 says that the subpoena will be limited to the name and address of the individual/individuals associated with the Doe defendant's IP address.

**II.     DISCUSSION**

    **A.     Legal Standard**

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for early discovery. See, e.g., Strike 3 Holdings, LLC v. JOHN DOE subscriber assigned IP address 73.202.244.50, No. 19-CV-01666-LB, 2019 WL 1865928, at *2 (N.D.

Cal. Apr. 25, 2019); IO Grp., Inc. v. Does 1-65, No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-77 (N.D. Cal. 2002); Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (collecting cases and standards). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, 208 F.R.D. at 276.

In evaluating whether a plaintiff establishes good cause to learn the identity of a Doe defendant through early discovery, courts examine whether the plaintiff: (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court; (2) recounts the steps taken to locate and identify the defendant; (3) demonstrates that the action can withstand a motion to dismiss; and (4) shows that the discovery is reasonably likely to lead to identifying information that will permit service of process. Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999) (citations omitted). "'[W]here the identity of alleged defendants [is not] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).

**B.   Analysis**

    ***1.   Strike 3 Establishes Good Cause for Early discovery***

An internet service provider ("ISP") cannot disclose information correlating the identity of a user unless authorized to do so by a court order. See 47 U.S.C. § 551(c)(2)(B) ("A cable operator may disclose such information if the disclosure is . . . made pursuant to a court order authorizing such disclosure[.]"). Strike 3 has made a sufficient showing under each of the four seescandy factors listed above to establish good cause to permit it to engage in early discovery to identify the Doe defendant through

the ISP.

First, Strike 3 has identified the Doe defendant with sufficient specificity that the court can determine that he or she is a real person who can be sued in federal court. It alleges that the Doe defendant downloaded Strike 3's copyrighted adult motion pictures and distributed them over the BitTorrent network. Doe defendant had to direct his or her BitTorrent client to download the media file. These facts indicate that the Doe defendant is an identifiable adult who likely is the primary subscriber of the IP address or someone who resides with and is known to the subscriber. Strike 3 also has traced each download made to the Doe defendant's IP address to the Northern District of California, thus giving the court jurisdiction over the defendant and Strike 3's federal claim.

Second, Strike 3 has recounted the steps taken to locate and identify the Doe defendant. The Doe defendant downloaded and distributed Strike 3's movies through his or her IP address, and his or her IP address was traced to this district. The IP address alone is not sufficient for Strike 3 to identify the Doe defendant.

Third, Strike 3 has demonstrated that its copyright claim could withstand a motion to dismiss. A plaintiff "must satisfy two requirements to present a prima facie case of direct infringement: (1) [he or she] must show ownership of the allegedly infringed material and (2) [he or she] must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1159 (9th Cir. 2007) (citing A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001)); see also 17 U.S.C. § 501(a). Under § 106, a copyright holder has the exclusive rights to reproduce, distribute, publicly display, perform, and create derivative works of the copyrighted work. Direct copyright infringement does not require intent or any particular state of mind. Fox Broad. Co., Inc. v. Dish Network, LLC, 905 F. Supp. 2d 1088, 1098-99 (C.D. Cal. 2012); Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc., 907 F. Supp. 1361, 1367 (N.D. Cal. 1995). Strike 3 alleges that it holds the copyrights for the adult motion pictures that the Doe defendant copied and distributed the movies without its permission. Strike 3 has

sufficiently alleged a prima facie claim for copyright infringement.

Fourth, Strike 3 has shown that the discovery it seeks is reasonably likely to lead to identifying information that will permit service of process on the Doe defendant. Strike 3 alleges that Comcast Cable's records should identify the Doe defendant.

### 2. Protective Order

"[U]nder Rule 26(c), the Court may sua sponte grant a protective order for good cause shown." McCoy v. Southwest Airlines Co., Inc., 211 F.R.D. 381, 385 (C.D. Cal. 2002). The court issues the limited protective order described below because the ISP subscriber may be an innocent third party, and the subject matter of the suit deals with sensitive and personal matters.

Here, as has been discussed by other courts in this district, the ISP subscribers may not be the individuals who infringed upon Strike 3's copyright. See, e.g., Pacific Century Intern. Ltd. v. Does 1-101, No. C-11-02533 (DMR), 2011 WL 5117424, at *2 (N.D. Cal. Oct. 27, 2011); see also IO Group, Inc. v. Does 1-19, No. C 10-03851 SI, 2011 WL 772909, at *1 (N.D. Cal. Mar. 1, 2011) (granting the plaintiff additional time to identify and serve the true defendant where a subscriber asserted that he did not infringe plaintiff's work, suggesting that someone else used his IP address to infringe the plaintiff's work, and the plaintiff claimed that it needed to take third-party discovery from the subscriber to try to identify who actually used the subscriber's IP address to allegedly infringe the plaintiff's work).

Additionally, requests for pseudonymity have been granted when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature. See Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000). An allegation that an individual illegally downloaded adult motion pictures likely goes to matters of a sensitive and highly personal nature, including one's sexuality.

Accordingly, the court issues a protective order to the limited extent that any information regarding the Doe defendant released to Strike 3 by the ISP will be treated as confidential for a limited duration. See IO Group, Inc. v. Does 1-19, No. C 10-03851 SI,

2010 WL 5071605, at *2 (N.D. Cal. 2010). Specifically, Strike 3 must not publicly disclose that information until the Doe defendant has the opportunity to file a motion with this court to be allowed to proceed in this litigation anonymously and that motion is ruled on by the court. Id. If the Doe defendant fails to file a motion for leave to proceed anonymously within 30 days after his or her information is disclosed to Strike 3's counsel, this limited protective order will expire. Id. Given the potential embarrassment associated with being publicly accused of having illegally downloaded adult motion pictures, if the Doe defendant includes identifying information within his or her request to proceed anonymously, the court finds good cause to order the papers filed under seal until the court has the opportunity to rule on the request. See id. at 3 (permitting party to file under seal a declaration with identifying information). If the Doe defendant includes identifying information with his or her request to proceed anonymously and the request is placed under seal, the court will direct the Doe defendant to submit a copy of the under-seal request to Strike 3 and will ensure that Strike 3 has time to respond.

## III.   CONCLUSION

For the foregoing reasons, the court GRANTS Strike 3's Ex Parte Motion for Expedited Discovery with respect to JOHN DOE subscriber assigned IP address 98.234.8.197. The court ORDERS as follows.

1. Strike 3 may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Strike 3 with the true name and address of the Doe defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the complaint.
2. Strike 3 may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to the Doe defendant.
3. Any ISP so served must serve the Doe defendant with a copy of the subpoena and a copy of this order within 30 days. The ISP may serve the Doe defendant using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

4. The Doe defendant may file with the court any motions contesting the subpoena (including a motion to quash or modify the subpoena) within 30 days from the date of service upon him or her.  If that 30-day period lapses without the Doe defendant contesting the subpoena, the ISP must produce the information responsive to the subpoena to Strike 3 within 10 days.

5. The subpoenaed entity must preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

6. The ISP that receives a subpoena pursuant to this order must confer with Strike 3 and may not assess any charge in advance of providing the information requested in the subpoena.  The ISP that receives a subpoena and elects to charge for the costs of production must provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by the ISP.

7. Any information disclosed to Strike 3 in response to a Rule 45 subpoena may be used by Strike 3 solely for the purpose of protecting Strike 3's rights as set forth in its complaint.

**IT IS SO ORDERED.**

Dated: September 21, 2021

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge